## AFFIDAVIT

I, Jesse O. Bynum, Task Force Officer of the Drug Enforcement Administration (DEA), being first duly sworn, hereby depose and state as follows:

Your Affiant is a Task Force Officer of the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), within the meaning of Section 878(a) of Title 21, United States Code, that is, an officer who is empowered by law to conduct investigations, make arrests, execute search warrants, and seize property in connection with violations of Title 18, United States Code and Title 21, United States Code. Affiant is a Task Force Officer (TFO) for the DEA, and has been so assigned since March 2020. Affiant has been assigned to the Cleveland District Office (formerly designated the Cleveland Resident Office) in Cleveland, Ohio, since March 2020.

## TRAINING AND EXPERIENCE

1. Affiant is assigned as a Task Force Officer with the Drug Enforcement Administration ("DEA"), and have been so since March 2020.  Since that time, I have been assigned to the DEA's Detroit Field Division, Cleveland District Office ("CDO"), Akron-Summit County High Intensity Drug Trafficking Area ("HIDTA") Initiative, where I have participated in investigations targeting individuals and organizations involved in drug trafficking offenses in the Northern District of Ohio and elsewhere. Concurrently with my assignment with the DEA, I am employed as a law enforcement officer with the Medina County Drug Task Force in Medina County, Ohio.  I have been in that position since 2017, and there, I have participated in hundreds of criminal

investigations involving drug trafficking.  From 2009 to 2017, I was employed as a patrol officer with the Medina Township Police Department.  Additionally, since 2004, I have been employed part-time at the Grafton Police Department as an Investigator.  During my tenure as a law enforcement officer, I have both received extensive training and participated in the following non-exhaustive list of investigation techniques: surveillance; drug identification; supervising purchases of controlled substances by undercover agents and informants; acting in an undercover capacity to purchase controlled substances; debriefing persons arrested and later convicted of drug trafficking offenses about their illegal activity; interviewing witnesses; drafting search warrants seeking seizure of illegal drugs and other evidence of drug violations; searching locations and seizing narcotics and other evidence of drug violations, including "tools of trade" documents, and the monetary gains of narcotics trafficking; providing Grand Jury testimony; and testifying as a witness concerning violations of state and federal drug laws.  I currently hold certifications in cellular phone forensics and analysis and have completed over 500 cellular phone data extractions.  During this training and experience I've become familiar with popular cellular phone and social media based applications that are commonly used in the drug trafficking trade in attempt to avoid detection from law enforcement.  As part of my duties as investigator with GPD, I was assigned to the Cuyahoga County Internet Crimes Against Children Task Force ("ICAC") and received extensive training involving the creation, management, and use of online undercover personas to apprehend subjects involves in child pornography and human trafficking. Computer, mobile device, network interrogation, and data analysis was a major part of the training and position requirements

for the ICAC task force.  I have attended the two week long DEA basic drug investigator course held at the Cuyahoga County HIDTA, that included various subjects including but not limited to, covert surveillance of drug traffickers, use of online publicly available data related to suspects, drug identification, and Drug Trafficking Organizations ("DTO's").  At all times during the investigation described herein, I have been acting in an official capacity as a Task Force Officer with the DEA.  In addition, Affiant has on numerous occasions, made seizures of contraband, conveyances, currency, drug paraphernalia, and firearms possessed or used in relation to violations of Title 21, United States Code, Section 846.  Affiant has successfully conducted numerous investigations that have resulted in the arrest of numerous drug traffickers and the seizure of significant quantities of drugs and drug-related proceeds.  Affiant has further conducted surveillance operations of drug traffickers, and has interviewed numerous persons personally involved in drug trafficking.  Affiant has also supervised numerous confidential sources during controlled purchases of narcotics.  Through this training and experience, Affiant has become familiar with, and has gained a thorough understanding of, the methods, manner, and means used by individuals engaged in the unlawful manufacturing, trafficking, and use of controlled substances.

## BASIS OF INFORMATION

2.      Except as otherwise noted, the information set forth in this Affidavit has been provided to your Affiant by agents and/or officers of the Drug Enforcement Administration (DEA) or other law enforcement officers.  Unless otherwise noted, whenever in this Affidavit your Affiant asserts that a statement was made, the

information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom Affiant has spoken or whose report Affiant has read and reviewed. Likewise, any information pertaining to vehicles and/or registrations, personal data on subjects and record checks has been obtained through the Law Enforcement Automated Data System (LEADS), the State of Ohio or the National Crime Information Center (NCIC), the Ohio Law Enforcement Gateway (OHLEG) computer system, and other known public database computer systems, by members herein described.

3. Since the Affidavit is being submitted for the limited purpose of securing an arrest warrant, your Affiant has not included each and every fact known to him concerning this investigation. Your Affiant has set forth only the facts that he believes are necessary to establish the foundation for the issuance of the arrest warrant.

4. This affidavit is offered in support of the issuance of a complaint and arrest warrant for Richard CONFER for a violations of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 846, distribution of a controlled substance and conspiracy to manufacture, possess and distribute a controlled substance.

## FACTS AND CIRCUMSTANCES REGARDING PROBABLE CAUSE
## APRIL 2023 CONTROLLED PURCHASE

5. On Wednesday, April 26th, 2023, the Medina County Drug Task Force utilized a confidential source to purchase one ounce of Methamphetamine from **RICHARD CONFER** (hereafter referred to as **CONFER**) with $225 of pre-recorded Medina County Drug Task Force Funds. Through the Facebook application, **CONFER**

directed the confidential source to **CONFER'S** residence at **216 First Street, Wadsworth, Medina County, Northern District of Ohio**. The confidential source confirmed with **CONFER** the price of the Methamphetamine was $225 and exchanged that for a plastic bag of purported Methamphetamine. On July 7, 2023, the DEA North Central Laboratory tested the substance and indicated that it contained Methamphetamine Hydrochloride and was ninety six percent pure with a net weight of 28.151g ± 0.003g and an amount pure of 27.024g ± 1.688g.

## MAY 2023 CONTROLLED PURCHASE

6. On Wednesday, May 1, 2023, the Medina County Drug Task Force utilized a confidential source to purchase one ounce of Methamphetamine from **CONFER** with $225 of pre-recorded Medina County Drug Task Force Funds. Through the Facebook application, **CONFER** directed the confidential source to **CONFER'S** residence at **216 First Street, Wadsworth, Medina County, Northern District of Ohio**. MCDTF Agent Godwin witnessed **CONFER** on video grab the purported Methamphetamine from a gallon size Ziplock bag and weigh the one (1) ounce on a digital scale in the living room. The gallon sized Ziplock bag had a large quantity of purported Methamphetamine inside of it which appeared to be approximately one (1) pound. The confidential source exchanged the $225 of pre-recorded MCDTF Funds with **CONFER** for the plastic bag of purported Methamphetamine. On June 26, 2023, the DEA North Central Laboratory tested the substance and indicated that it contained Methamphetamine Hydrochloride and was one hundred percent pure with a net weight of 28.2g ± 0.2g and an amount pure of 28.2g ± 1.7g.

## JULY 2023 TRAFFIC STOP

7. On July 10th, 2023, at approximately 1500 hours, Medina County Drug Task Force observed Walter RAINVILLE drive a silver sedan bearing Ohio registered plate #JMZ2098 to Richard CONFER's residence and after approximately 8 minutes, RAINVILLE left CONFER's residence. RAINVILLE drove left of center and was traffic stopped by Patrolman Blubaugh on Sparrow Way, City of Wadsworth, Northern District of Ohio. MCDTF Agent Godwin advised RAINVILLE of his Miranda rights and RAINVILLE voluntarily waived those rights admitting he had just purchased the purported Methamphetamine from **CONFER** for $50. Text messages between RAINVILLE and **CONFER** were observed showing the arrangement to come purchase the methamphetamine. The Methamphetamine field tested positive for Methamphetamine. The Methamphetamine weighed approximately 6.6 grams.

## CONCLUSION

8. Task Force Officer Jesse Bynum, Drug Enforcement Administration, being duly sworn according to law, deposes, and states that the facts stated in the foregoing Affidavit are true and correct to the best of his knowledge, information, and belief.

9. Based on your Affiant's training, experience and the facts set forth in this Affidavit, your Affiant believes that there is probable cause to believe that Richard

CONFER did knowingly and intentionally distribute and conspire with others to possess with intent to distribute a controlled substance, in violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 846.

_____
Jesse Bynum
Task Force Officer
Drug Enforcement Administration

This affidavit was sworn to by the affiant, who did no more than attest to its contents pursuant to Crim. R. 4.1(b)(2)(A), by telephone after a PDF was transmitted by email, per Crim R. 4.1



James E. Grimes Jr., United States Magistrate Judge

July 21, 2023